# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YONIS ABDULKADIR AFRAH,<br><br>    Petitioner,<br><br>    v.<br><br>DHANI SIDHU, et al.,<br><br>    Respondents. | Civil No.   14-cv-02303-BAS(NLS)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a United States Immigration and Customs Enforcement detainee, proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a state court conviction. The Petition is subject to dismissal because Petitioner has failed to satisfy the filing fee requirement, and because the Petition contains no claims for relief.

## FILING FEE REQUIREMENT

Petitioner has neither paid the $5.00 filing fee nor filed a request to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. *See* Rule 3(a), 28 U.S.C. foll. § 2254; CivLR 3.2. If Petitioner wishes to proceed with this case, he must submit, **no later than December 1, 2014,** a

copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

## **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). *See also Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, in the area of the form petition where Petitioner is directed to list the grounds for relief, he simply states "see attach." (*See* Pet. at 6-9.) The only attachment to the Petition is another petition form which also states "see attach" in the place where the grounds for relief are required to be stated. (*See* Pet. at 21-24.) Thus, the Petition does not contain any claims for relief. In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Further, the Court cautions Petitioner that he must exhaust state judicial remedies before bringing his claims via federal habeas. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481

U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." *Id.* at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added). If Petitioner has raised his claims in the California Supreme Court he must so specify. The burden of proving that a claim has been exhausted lies with the petitioner. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Finally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim

or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The statute of limitations does not run while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A petitioner who "unreasonably delays" in filing a state habeas petition is not "granted the benefit of statutory tolling because the petition would not be considered pending, or properly filed, within the meaning of § 2244(d)(2)." *Nedds v. Calderon*, 678 F.3d 777, 780 (9th Cir. 2012) (internal citations and quotations omitted). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is '*properly* filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not satisfied the filing fee requirement and has not stated any grounds for relief.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** this action without prejudice because Petitioner has failed to satisfy filing fee requirements and failed to state a cognizable federal claim. To have this case reopened, Petitioner must, no later than **December 1, 2014**, pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee, **and** file a First Amended Petition that cures the pleading deficiencies set forth above. The Clerk of Court shall send Petitioner a blank First Amended Petition

form and a blank Motion to Proceed In Forma Pauperis form along with a copy of this Order.

Further, Petitioner is advised that if he has not submitted a First Amended Petition stating a cognizable federal claim(s) and alleging exhaustion of his state court remedies with regard to that claim(s) before December 1, 2014, he will have to start over by filing a completely new habeas petition in this Court.

**IT IS SO ORDERED.**

**DATED: October 1, 2014**

Hon. Cynthia Bashant
United States District Judge