UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YONIS ABDULKADIR AFRAH,<br><br>Petitioner,<br><br>v.<br><br>DHANI SIDHU, Parole Officer, et al.,<br><br>Respondents. | Civil No.  14cv2303-BAS (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. No. 13]** |

Petitioner Yonis Abdulkadir Afrah, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  In his First Amended Petition ("FAP"), Petitioner asserts several grounds for relief based on ineffective assistance of counsel and violation of the Sixth Amendment.  (FAP at 6-9.)  This matter comes before the Court on consideration of Respondent Dhani Sidhu's motion to dismiss the petition.  (Doc. No. 13 ( "Resp.'s Mem").)  Having considered the motion, the opposition, and relevant legal authority, this Court **RECOMMENDS** that the motion to dismiss be **GRANTED** and that the FAP be **DISMISSED with prejudice**.

## I.  BACKGROUND

On March 9, 2011, Petitioner was found guilty of dissuading a witness, dissuading a witness from testifying, and two counts of violating a domestic violence protective order.  (FAP at 2; Resp.'s Mem. at 2; Lodgment 2 at 112, 114-16.)  The trial court

1    sentenced Petitioner to three years in state prison.  (Lodgment 2 at 154.)

2         On September 15, 2011, Petitioner appealed his case.  (Lodgment 3.)  On August

3    28, 2012, the California Court of Appeal issued an opinion affirming the judgment but

4    modified the conviction of dissuading a witness from subdivision (a)(1) to (b)(1).

5    (Lodgment 6.)  Petitioner did not file a petition for review in the California Supreme

6    Court.

7         On September 25, 2013, the date of his signature, Petitioner sought state collateral

8    review by filing a petition for writ of habeas corpus in state superior court.  (Lodgment

9    8.)  On November 1, 2013, Petitioner filed a supplement to that first petition.[1]  (Lodgment

10   10.)  On November 25, 2013, the state superior court denied the first petition.  (Lodgment

11   9.)  The state superior court construed the supplement as a second habeas petition, and

12   denied it on January 7, 2014.  (Lodgment 11.)

13        On December 29, 2013, the date of his signature, Petitioner constructively filed a

14   habeas corpus petition in the state appellate court.  (Lodgment 12.)  On February 6, 2014,

15   the state appellate court denied the petition.  (Lodgment 13.)  On May 13, 2014, the date

16   of his signature, Petitioner constructively filed a habeas corpus petition in the state

17   supreme court.  (Lodgment 14.)  The state supreme court denied the petition on July 23,

18   2014.  (Lodgment 15.)

19        Petitioner filed his federal habeas petition on September 22, 2014.  (Doc. No. 1.)

20   The petition was dismissed, because Petitioner failed to satisfy the filing fee requirement

21   and failed to state a cognizable federal claim.  Petitioner filed the FAP on October 16,

22   2014.  (Doc. No. 5.)  The Court issued a briefing schedule in the case on November 5,

23   2014.  (Doc. No. 7.)  On December 15, 2014, Respondent filed a motion to dismiss the

24   petition, arguing Petitioner's claims were barred by the applicable one-year statute of

25   limitations.  (Doc. No. 13.)  Petitioner filed an opposition to the motion to dismiss ("Pet'r

26

27        [1] The date stamps from the court show different dates of filing.  But per the "prison
     mailbox rule"a petition for a writ of habeas corpus is deemed filed on the day that it is
28   delivered to prison authorities for mailing to the court.  *See Huizar v. Carey*, 273 F.3d
     1220, 1222 (9th Cir. 2001).

1   Opp."), arguing that his Petition was timely filed.  (Doc. No. 15.)

2                              **II.  DISCUSSION**

3        Respondent argues that the Petition should be dismissed because it is barred by the

4   applicable statute of limitations.  Because this case was filed after April 24, 1996, it is

5   governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §

6   2254 ("AEDPA").  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  Pursuant to 28 U.S.C. §

7   2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas

8   corpus filed "by a person in custody pursuant to the judgment of a State court."  The

9   limitation period runs from the latest of:

10              (A) the date on which the judgment became final by the
                conclusion of direct review or the expiration of the time for
11              seeking such review;
                (B) the date on which the impediment to filing an application
12              created by State action in violation of the Constitution or laws
                of the United States is removed, if the applicant was prevented
13              from filing by such State action;
                (C) the date on which the constitutional right asserted was
14              initially recognized by the Supreme Court, if the right has been
                newly recognized by the Supreme Court and made retroactively
15              applicable to cases on collateral review; or
                (D) the date on which the factual predicate of the claim or
16              claims presented could have been discovered through the
                exercise of due diligence.
17

18   28 U.S.C. § 2244(d)(1).

19        The "conclusion of direct review" is not the denial of review by the California

20   Supreme Court, but 90 days thereafter, upon the expiration of the time in which to file a

21   petition for a writ of certiorari in the United States Supreme Court.  *Tillema v. Long*, 253

22   F.3d 494, 498 (9th Cir. 2001); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

23   Where a state prisoner does not seek review in a State's highest court, the judgment

24   becomes final for purposes of 2244(d)(1)(A) on the date that the time for seeking such

25   review expires.  *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012).  In California, the final

26   judgment date is forty days after the issuance of the opinion by the California Court of

27   Appeal.  *See* Cal. Rules of Court, rules 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a;

28   *Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2002).

In this case, Petitioner filed an appeal in the state appellate court, which was denied on August 28, 2012. (Lodgment 6.) Petitioner did not seek review in the state supreme court. Therefore, the statute of limitations began to run forty days later, on October 7, 2012.[2] *See Smith*, 297 F.3d at 813. Petitioner had 365 days from that date to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A); Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time). Petitioner filed his first federal habeas petition in this Court on September 30, 2014, well past the 365 days allowed by AEDPA. Petitioner's federal petition is untimely, unless statutory tolling applies.

**A. Petitioner is Not Entitled to Statutory Tolling.**

The statute of limitations is tolled during the pendency of any "properly filed" collateral attack in the state courts. *Artuz v. Bennet*, 531 U.S. 4, 7-8 (2000). The Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). The time between the denial of one petition and the filing of the next is included in the tolling only if the next petition is timely filed in a higher court. *Delhomme v. Ramirez*, 340 F.3d 817, 818-19 (9th Cir. 2003). Statutory tolling is not available for the period the petition is under consideration if it is filed untimely. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005).

Here, Petitioner filed his first collateral attack in state superior court on September 25, 2013, 353 days after October 7, 2012, the date Petitioner's conviction became final. (Lodgment 8.) Petitioner filed a second petition in the same court on November 1, 2013. (Lodgment 10.) The state superior court denied the first petition on November 25, 2013,

---

[2] Even though the state appellate court did not issue the remittitur until October 30, 2012, there is no tolling pending issuance of the remittitur. *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001)(tolling does not continue until issuance of the mandate under Washington law because the mandate is not a decision terminating review); *White v. Klitzkie*, 281 F.3d 920, 924, n.4 (9th Cir. 2002) (entry of mandate under Guam law does not extend tolling); *accord Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (finality occurs with expiration of time for seeking further direct review and not later issuance of mandate).

1   and denied the second petition on January 7, 2014.  (Lodgment 9; Lodgment 11.)  For

2   purposes of the tolling analysis, the Court will treat the filing of both petitions in the

3   same court as continuous.  Therefore, the time during which Petitioner's state habeas

4   petitions were pending from September 25, 2013 to January 7, 2014, is tolled.  Next,

5   Petitioner constructively filed a habeas corpus petition on December 29, 2013, the date of

6   his signature, in the California Court of Appeal.  (Lodgment 12.)  This filing overlaps

7   with the pendency of the second habeas petition and order in the state superior court.

8   Accordingly, there is tolling until February 6, 2014, when the California Court of Appeal

9   denied the petition.  (Lodgment 13.)

10        Petitioner constructively filed a habeas corpus petition in the California Supreme

11   Court on May 13, 2014.  (Lodgment 14.)  This was 96 days after the denial of the

12   appellate court petition on February 6, 2014.  (Lodgment 13.)  But California requires

13   prisoners to seek relief on collateral review within a "reasonable time."  *Evans v. Chavis*,

14   546 U.S. 189, 192 (2006).  The Ninth Circuit denies tolling for intervals similar to the 96

15   days at issue here, finding that such a length of time is unreasonable.  *See Stancle v. Clay*,

16   692 F.3d 948, 956 (9th Cir. 2012)(finding an unexplained 82 day delay unreasonable);

17   *Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011)(finding unexplained 81 and 91

18   day filing delays unreasonable).

19        Petitioner argues that because he filed a habeas corpus petition erroneously in the

20   U.S. District Court for the Southern District of California prior to filing in the California

21   Supreme Court, he is entitled to statutory tolling for this 96 day period.  (Pet'r Opp. at 5.)

22   However, the statute of limitations is only tolled during the pendency of any "properly

23   filed" collateral attack in the state courts.  *Artuz*, 531 U.S. at 7-8.  Petitioner filed in

24   federal court, rendering tolling inappropriate.  Because Petitioner's 96 day delay in filing

25   his habeas corpus petition in the California Supreme Court is unreasonable, that time

26   cannot be tolled.  Therefore, the statute of limitations expired 12 days after February 6,

27   2014.

28        In any event, even if the Court found the 96 day delay to be reasonable, given the

1   additional time delays between the denial of the California Supreme Court and the filing

2   in this Court, tolling those 96 days would not render his petition timely.  The California

3   Supreme Court issued its decision on July 23, 2014.  Petitioner had only 12 days left on

4   the statute of limitations.  But he filed this petition on September 22, 2014, 61 days later.

5   Thus, in no event is this petition timely because he filed after the expiration of the statute

6   of limitations.

7         **B. Petitioner is Not Entitled to Equitable Tolling.**

8         The one-year limitations period under AEDPA is subject to equitable tolling.

9   *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010).  The petitioner bears the burden of

10  proving that equitable tolling is appropriate by establishing "(1) that he has been pursuing

11  his rights diligently, and (2) that some extraordinary circumstances stood in his way" of

12  filing his petition timely.  *Pace*, 544 U.S. at 418; *see Espinoza-Matthews v. California*,

13  432 F.3d 1021, 1026 (9th Cir. 2005).  In addition, the petitioner must show that "the

14  extraordinary circumstances were the cause of his untimeliness and that the extraordinary

15  circumstances made it impossible to file a petition on time."  *Ramirez v. Yates*, 571 F.3d

16  993, 997 (9th Cir. 2009).  The determination of whether a petitioner is entitled to

17  equitable tolling is a "fact-specific inquiry."  *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th

18  Cir. 2001), *citing Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000).  Equitable

19  tolling "is unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.

20  1999), as the "threshold necessary to trigger equitable tolling is very high."  *Miranda v.

21  Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

22        Here, Petitioner has not met his burden of establishing that he qualifies for

23  equitable tolling.  Petitioner does not make any showing that an extraordinary

24  circumstance beyond his control prevented him from filing a timely petition.  (Pet'r Opp.)

25  Therefore, Petitioner is not entitled to equitable tolling.

26  / / /

27  / / /

28  / / /

### III.  CONCLUSION

For all of the foregoing reasons, this Court **RECOMMENDS** that the motion to dismiss the habeas corpus petition be **GRANTED** and the FAP be **DISMISSED with prejudice**.  This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **March 27, 2015**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **April 10, 2015.**  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 2, 2015

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court