**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

YONIS ABDULKADIR AFRAH,

Petitioner,

v.

DHANI SIDHU, *et al.*,

Respondents.

Case No. 14-CV-02303-BAS(NLS)

**ORDER:**

**(1) OVERRULING PETITIONER'S OBJECTIONS (ECF NO. 18);**

**(2) ADOPTING REPORT AND RECOMMENDATION (ECF NO. 17);**

**(3) GRANTING RESPONDENTS' MOTION TO DISMISS (ECF NO. 13);**

**(4) DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE (ECF NO. 5); AND**

**(5) DENYING AS MOOT PETITIONER'S MOTION TO EXPEDITE (ECF NO. 20)**

On September 30, 2014, Petitioner Yonis Abdulkadir Afrah ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Thereafter, on October 16, 2014, Petitioner filed a First Amended Petition for Writ of Habeas Corpus ("FAP") under 28 U.S.C. § 2254. Petitioner asserts

several grounds for relief in the FAP based on ineffective assistance of counsel and violation of the Sixth Amendment. (FAP at 6-9.) On December 15, 2014, Respondents filed a motion to dismiss the FAP. (ECF No. 13.)

On March 2, 2015, United States Magistrate Judge Nita L. Stormes issued a Report and Recommendation ("Report") recommending that this Court: (1) grant the motion to dismiss the FAP, and dismiss the FAP with prejudice. (ECF No. 17.) On March 31, 2015, Petitioner filed objections to the Report. (ECF No. 18.) For the following reasons, the Court **OVERRULES** Petitioner's objections, **APPROVES** and **ADOPTS** the Report in its entirety, **GRANTS** Respondents' motion to dismiss, dismissing this action with prejudice, and **DECLINES** to issue a certificate of appealability.

## I. LEGAL STANDARD

The Court reviews *de novo* those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* But "[t]he statute [28 U.S.C. § 636(b)(1)(c)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This rule of law is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite

the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

Objections must be written and specific. *See, e.g.*, Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations" of the magistrate judge.) (emphasis added). "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's [report and recommendation] has the same effect as a failure to object." *Alcantara v. McEwen*, No. 12-cv-401, 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013) (citing cases). In the absence of a specific objection, the clear weight of authority indicates that the court need only satisfy itself that there is no "clear error" on the face of the record before adopting the magistrate judge's recommendation. *See, e.g.*, Fed. R. Civ. P. 72(b) Advisory Comm. Notes (1983) (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974)).

## II. ANALYSIS[1]

Respondent moves to dismiss the FAP on the grounds it is barred by the applicable statute of limitations. The Magistrate Judge makes two relevant findings in the Report: (1) the petition was untimely; and (2) equitable tolling does not apply. In his objections, Petitioner argues: (1) his failure to file a timely petition is excusable error because he is a layman, not an attorney; (2) equitable tolling should occur because he did not learn there were deportation consequences to his conviction until December 28, 2012; (3) exculpatory evidence was not sent to him until April 2013; (4) he is raising a newly recognized constitutional right; and (5) he had limited access to the prison library and limited legal assistance. (ECF No. 18.) The Court will address each of these objections below.

///

///

---

[1] The Court adopts and incorporates by reference all portions of the Report that Petitioner does not object to. That includes the factual background presented in the Report.

**A. Petitioner is a Layman**

In order to establish equitable tolling, a petitioner bears the burden of establishing "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, Petitioner argues that, since he is appearing *pro se*, his failure to comply with the statute of limitations is excusable error. The Ninth Circuit disagrees, stating that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Id.* at 1154. Thus, Petitioner's objection on this ground is overruled.

**B. Petitioner Did Not Learn of Deportation Proceedings until December 2012**

In order to establish ineffective assistance of counsel, "a party must demonstrate (1) that counsel's performance was unreasonable under prevailing professional standards and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different." *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001). When a petitioner is claiming ineffective assistance of counsel on a habeas petition, the limitations period does not begin to run until the petitioner has, or with the exercise of due diligence could have, knowledge of the factual predicate of both elements of his claim. *Id.* at 1154-55.

In this case, Petitioner argues that since he did not learn he was likely to be deported back to the Netherlands until December 28, 2012, the statute of limitations should be tolled until this date. The problem with Petitioner's logic is that his FAP and his claims of ineffective assistance of counsel have nothing to do with any immigration advice or deportation consequences. In his FAP, Petitioner claims his attorney was ineffective for failing to submit crucial exculpatory emails at trial, failing to discuss trial strategies that included admitting Petitioner's guilt to the jury, and failing to provide exculpatory evidence. All of this was discovered at trial, not at the time

deportation proceedings were initiated. The fact that Petitioner may have become more motivated to seek review once he learned of the deportation consequences is irrelevant. The key is when Petitioner learned of his counsel's allegedly ineffective assistance. Therefore, Petitioner's objection on this ground is overruled.

**C. Receiving Exculpatory Evidence in April 2013**

Petitioner argues he did not receive exculpatory evidence that supports his petition until April 2013. A complete lack of access to a legal file may constitute an "extraordinary circumstance" warranting equitable tolling. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009); *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003). However, a brief review of Petitioner's filings shows that this is not the case here. The undated communication from his lawyer, which Petitioner represents he received in April 2013, clearly states "I already returned your files." (ECF No. 18 at 16.) Thus, Petitioner did not have a complete lack of access to his legal file.

Furthermore, the grounds he raises in this federal petition were raised in his appeal in September 2011, and his state habeas petitions in September 2013, November 2013, and December 2013. (ECF Nos. 5; 14, Lodgments 3, 5, 8, 10, 12, 14.) Petitioner fails to show why he was unable to file in a timely fashion his federal petition on the same grounds after the state petitions were denied. Accordingly, this objection is overruled.

**D. Newly Recognized Constitutional Right**

Although Petitioner argues his FAP raises a newly recognized constitutional right, he fails to identify any right that has been newly recognized by the courts. Ineffective assistance of counsel claims are not new. *See, e.g., Rasberry*, 448 F.3d at 1153. Therefore, Petitioner's objection on this ground is also overruled.

**E. Additional Reasons**

As additional reasons for equitably tolling the statute of limitations, Petitioner argues that he had limited access to the prison library, had to rely on the skills of detainees who come and go, is not an expert on the law, and was denied appointment

of counsel by the Magistrate Judge. "Ordinary prison limitations on [a petitioner's] access to the law library and copier . . . [a]re neither 'extraordinary' nor ma[ke] it 'impossible' for [a petitioner] to file his petition in a timely manner." *Ramirez*, 571 F.3d at 998.

In this case, despite limited access to the prison library, Petitioner was able to file numerous lengthy, well-researched habeas petitions in state court. As stated in *Ramirez*, "[g]iven even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule." *Id*. Furthermore, as discussed above, the fact that Petitioner was not an expert in the law and was appearing *pro se* is not adequate excuse for failing to file a petition in a timely manner. Hence, Petitioner's objection on this ground is overruled.

## III. CONCLUSION

After considering Petitioner's objections and conducting a *de novo* review, the Court concludes that the Magistrate Judge's reasoning in the Report is sound and devoid of clear error. Petitioner's habeas petition is untimely and is not entitled to equitable tolling. In light of the foregoing, the Court **OVERRULES** Petitioner's objections (ECF No. 18), **APPROVES** and **ADOPTS** the Report in its entirety (ECF No. 17), and **DISMISSES** Petitioner's First Amended Petition (ECF No. 5). In light of this decision, the Court finds Petitioner's Motion to Expedite District Judge Decision (ECF No. 20) is moot and **DENIES** the motion on that ground.

Moreover, a certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, Petitioner has not made the requisite showing. Because reasonable jurists would not find the Court's assessment of the claims in the petition debatable or

wrong, the Court **DECLINES** to issue a certificate of appealability. *See Slack*, 529 U.S. at 484.

**IT IS SO ORDERED.**

**DATED: December 9, 2015**

**Hon. Cynthia Bashant**
**United States District Judge**